IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ADOLFO RENDON BRACAMONTES,

    Petitioner,

v.                                                          CIVIL ACTION NO. 2:09cv480

LEONARD DESANTI,
    Acting Field Office Director for Detention
    and Removal Operations,
    Bureau of Immigration and Customs Enforcement,

    Respondent.

## *ORDER*

This matter is currently before the Court on Respondent's objections to the Magistrate Judge's report and recommendation.

Petitioner Adolfo Rendon Bracamontes brings a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging his detention by the Bureau of Immigration and Customs Enforcement ("BICE"). On October 6, 2009, this Court entered an order designating United States Magistrate Judge James E. Bradberry to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[1] On February 2, 2010, this matter was reassigned to Magistrate Judge Douglas E. Miller following Magistrate

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

1

Judge James E. Bradberry's retirement. On June 16, 2010, Magistrate Judge Miller filed his report and recommendation, in which he recommended that Petitioner's motion be granted in part and that BICE be ordered to provide Petitioner with a bond hearing within ten (10) days of this Court's Final Order. The Report also advised the parties of their right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 30, 2010, Respondent filed objections to the Report. This matter has been fully briefed and is ripe for judicial determination.

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." FED. R. CIV. P. 72. The phrase "de novo determination", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72.

This Court has carefully and independently reviewed the record in this case and the objections to the Report. Respondent argues in its objection that 8 U.S.C. § 1226(c) is ambiguous. As such, it argues that the Court must defer to the Board of Immigration Appeals' ("BIA") interpretation in *Matter of Rojas*, 23 B.I.A. 117 (2001), pursuant to the rule adopted in

2

*Chevron USA, Inc. v Nat'l Res. Def. Council, Inc.*, 467 U.S. 839 (1984). This Court, however, agrees with the majority of District Courts that have ruled upon the issue and finds 8 U.S.C. § 1226(c) to be unambiguous. *See Waffi v. Loiselle*, 527 F. Supp. 2d 480 (E.D. Va. 2007); *Scarlett v. United States Dep't of Homeland Sec.*, 632 F. Supp. 2d 214 (W.D.N.Y. 2009); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221 (W.D. Wash. 2004). Consequently, the BIA's interpretation does not control. The Court finds no meritorious reason to sustain Respondent's objections.

Accordingly, the Court does hereby accept the findings and recommendations set forth in the Magistrate Judge Douglas E. Miller's report and recommendations in the case at bar.

It is, therefore, **ORDERED** that Petitioner's Motion Pursuant to 28 U.S.C. § 2241 is **GRANTED** in part. Respondent is **ORDERED** to provide Petitioner with an individualized bond hearing within ten (10) days of the date of this order.

It is further **ORDERED** that the Court shall retain jurisdiction of Petitioner's fee request pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(b), for further briefing and argument.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
**United States District Judge**

Norfolk, Virginia
July 26, 2010